Charles GEORGE, Plaintiff–Appellant,

v.

JP MORGAN CHASE MANHATTAN BANK, Defendant–Appellee.

No. 06–3253–cv.

United States Court of Appeals, Second Circuit.

April 3, 2007.

Charles George, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Peter R. Bonchonsky, Pittoni, Bonchonsky & Zaino, LLP, Garden City, NY, for Defendant–Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. JED S. RAKOFF, District Judge.*

Appellant Charles George, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *J.*) entered on June 7, 2006, *sua sponte*, dismissing the plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3). We assume the parties' familiarity with the facts and procedural history of the case and the issues on appeal.

This Court reviews rulings on subject matter jurisdiction *de novo*, *see S.E.C. v. Berger*, 322 F.3d 187, 191 (2d Cir.2003), and we construe a *pro se* plaintiff's complaint liberally as raising the strongest argument it suggests, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Having done so, we conclude that the plaintiff did not allege facts sufficient to establish subject matter jurisdiction. He did not demonstrate that his claims raised a "federal question" because, although his complaint referred to discrimination based on race, it did not contain any specific allegations of fact that supported an inference of discrimination. *See* 28 U.S.C. § 1331. And his complaint did not allege diversity of citizenship. *See id.* § 1332. When given an opportunity to amend his complaint to allege facts sufficient to demonstrate that there was federal jurisdiction over his claims under 28 U.S.C. § 1331 or § 1332, George declined to do so.**

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

** We note that because we dismiss this action for lack of subject matter jurisdiction, under New York law George may be entitled to commence in state court a new action arising from the circumstances or occurrences alleged in this action. *See* N.Y. C.P.L.R. § 205(a) ("If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.").